OPINION
Appellant, Earl S. Casterline, appeals from a final judgment of the Trumbull County Court of Common Pleas granting appellee, Trumbull Memorial Hospital, summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
A review of the record shows that appellant had been under the care of Dr. Ronald N. Khoury ("Dr. Khoury") for a number of years prior to November 26, 1996. On that day, appellant was admitted to the hospital so that Dr. Khoury could perform an elective surgical procedure to reduce and repair multiple ventral incisional hernias. Two days before the surgery, appellant had met with Dr. Edmundo Salero ("Dr. Salero"), an anesthesiologist, to determine the type of anesthetic that would be used during the procedure.
Soon after the surgery, appellant began having trouble breathing. He was subsequently diagnosed with a sluggish right vocal cord and a paralyzed left vocal cord. Eventually, the swelling in appellant's throat caused an upper airway obstruction, which ultimately required a tracheostomy to help him breath.
Appellant consulted another doctor, who determined that the vocal cords had been damaged during an earlier surgery. However, he believed that both Dr. Khoury and Dr. Salero had fallen below the appropriate standard of care because they had apparently failed to identify appellant's condition and the possibility that he would need a tracheostomy following the surgery when explaining the risk/benefit analysis of the procedure to appellant in order to obtain informed consent.
As a result, appellant filed a complaint in the Trumbull County Court of Common Pleas against appellee and Dr. Khoury on May 22, 1998. In his complaint, appellant alleged that the defendants and their agents and employees were negligent in failing to properly diagnose, treat, and communicate to him the presence of possible surgical complications, and that the care and treatment he received fell below acceptable medical standards.[1]
After both appellee and Dr. Khoury filed their respective answers and the parties conducted discovery, appellee filed a motion for summary judgment on March 12, 2000. In its motion, appellee argued that appellant was precluded from asserting agency by estoppel because appellant had been Dr. Khoury's patient, and because Dr. Salero was not an employee or agent of the hospital.
Appellant filed a brief in opposition to summary judgment on April 28, 2000. Attached to his brief was an affidavit in which appellant claimed that although Dr. Khoury performed the surgery, he looked to appellee to provide all of the medical care he needed other than the surgical procedure itself.
The trial court considered the parties' arguments, and in an abbreviated judgment entry dated May 9, 2000, granted appellee summary judgment. Afterwards, appellant voluntarily dismissed Dr. Khoury from the action. He then filed a timely notice of appeal with this court.
Under his sole assignment of error, appellant argues that the trial court erred in granting appellee summary judgment. Specifically, he maintains that where a hospital holds itself out to the public as a provider of medical services and the patient looks to the hospital to provide competent medical care, the hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical personnel practicing in the hospital.
At the outset, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293.
If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
Appellant maintains that appellee is vicariously liable for his injuries under the doctrine of agency by estoppel because he had relied upon appellee to provide competent medical services. More to the point, appellant argues that appellee should be held accountable because Dr. Khoury and Dr. Salero had failed to inform him of the possibility of complications following surgery.
In Clark v. Southview Hosp. Family Health Ctr. (1994),68 Ohio St.3d 435, syllabus, the Supreme Court of Ohio held the following:
 "A hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care. * * *" (Emphasis added and citation omitted.)
 Here, there is no dispute that appellee held itself out to the public as a provider of medical services, and that both Dr. Khoury and Dr. Salero were independent contractors and not employees of the hospital. Accordingly, we must decide if appellant ever put material facts into issue concerning whether he looked to appellee, as opposed to Dr. Khoury or Dr. Salero, to provide competent medical care.
When determining whether a hospital should be held liable, "`the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where his physician would treat him for his problems.'" Clark at 439, quoting Grewev. Mt. Clemens Gen. Hosp. (1978), 404 Mich. 240, 251. "Unless the patient merely viewed the hospital as the situs where her physician would treat her, she had the right to assume and expect that the treatment was being rendered through hospital employees and that any negligence associated therewith would render the hospital liable." Clark at 445.
Based on the evidence submitted during the summary judgment exercise, and construing it in appellant's favor, we conclude that reasonable minds could come to but one conclusion; that is, appellant did not rely on appellee to provide medical services relating to the surgery or anesthesia. As a result, the trial court properly granted appellee summary judgment.
Appellee provided evidence that at the time of the surgery, Dr. Khoury was not employed by the hospital; instead, he was a general surgeon with hospital privileges. This evidence also showed that appellant was a long-time patient of Dr. Khoury's, and that the decision to proceed with the operation was made in his office. Moreover, two days prior to his surgery, appellant met with Dr. Salero in Dr. Khoury's office to discuss the anesthetic that would be used during the procedure.[2] How could these meetings with Dr. Khoury and Dr. Salero not be logically considered "notice or knowledge to the contrary" that the individual doctors, not appellee, were providing the medical services?
Given these facts, the case at bar is distinguishable from those where a hospital has been found to be liable for the actions of an anesthesiologist. See Costell v. Toledo Hosp. (1994), 98 Ohio App.3d 586
(holding that genuine issues of material fact existed as to whether the hospital was liable under the theory of agency by estoppel because the patient had never met with or chosen an anesthesiologist prior to the surgery). Furthermore, this was not an emergency room situation as inClark, and appellant did not seek out appellee for his treatment. Instead, both parties agree that appellant was referred there by his treating physician, Dr. Khoury. See Cox v. Ohio State Univ. Hospitals
(1996), 117 Ohio App.3d 254.
More importantly, appellant has provided nothing to indicate the factual basis as to why he claims he was relying on appellee to provide medical care. This is important because once appellee met its burden of supporting its motion for summary judgment, appellant had the burden of responding by setting forth specific facts showing that a genuine issue remained to be determined. Deluca v. Aurora (July 6, 2001), Portage App. No. 2000-P-0104, unreported, 2001 WL 758738, at 5.
In his affidavit attached to his brief in opposition to summary judgment, appellant made the following relevant claims:
 "7. That I expected and looked to [appellee] to provide all the medical care I needed other than the actual surgical procedure.
 "8. That I believed [appellee] could provide me with all the care I needed both pre- and post-operatively due to my multiple medical problems.
 "9. That I advised [appellee] employees and agents and anesthesia department for my complete medical and surgical history and looked to [appellee] to provide the care appropriate for me."
 Although appellant maintains that he looked to appellee to provide all medical care other than the surgery itself, his statements are simply allegations and never actually address and put at issue those contrary material facts set forth in appellee's motion for summary judgment. Dresher, supra. Moreover, appellant never alleged that the hospital itself was negligent in either extending hospital privileges to Dr. Khoury and Dr. Salero, or in maintaining a professional relationship with both men. In other words, appellant never provided rebuttal evidence that he lacked notice or knowledge regarding the extent of appellee's responsibility to provide competent medical services for his surgical and anesthetic care while at the hospital. Mere allegations do not constitute material facts. State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 449.
Appellee, as the moving party, set up the issues to be addressed. Appellant was then obligated to respond by showing, with specific facts, that there was a genuine issue still to be litigated. Jackson v. AlertFire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 51-52 (holding that "[i]n reading [Civ.R. 56](C) in association with subsection (E), it can be readily seen that once a party moves for summary judgment and has supported his or her motion by sufficient and acceptable evidence, the party opposing the motion has a reciprocal burden to respond * * * settingforth specific facts explaining that a genuine issue for trial exists."). A patient cannot merely claim that he was looking to the hospital for all necessary medical care without pointing to evidence that forms the basis for such a claim.
Appellee's motion for summary judgment, along with the evidence in support, shows that there is no genuine issue of material fact and demonstrates, as a matter of law, that the hospital is entitled to judgment. In turn, appellant's response to appellee's motion does not set forth facts indicating that he relied on the hospital to provide medical care, nor does it challenge the material facts submitted by appellee. Benjamin v. Deffet Rentals, Inc. (1981), 66 Ohio St.2d 86, 91. Without specific facts to sustain appellant's self-serving conclusions, they are not sufficient to survive a properly supported motion for summary judgment.
Based on the foregoing analysis, appellant's sole assignment of error is not well-taken. The judgment of the trial court is, therefore, affirmed.
JUDGE JUDITH A. CHRISTLEY, FORD, P.J., NADER, J., concur.
[1] Dr. Salero was never made a part of appellant's lawsuit.
[2] At the time in question, Dr. Salero was employed by Trumbull Anesthesia Group, Inc., which had a contract with appellee to provide both in-patient and out-patient anesthesia services for the hospital.